**BONNER C. WALSH**
Oregon State Bar ID Number 131716
bonner@walshpllc.com
WALSH LLC
1561 Long Haul Road
Grangeville, ID 83530
Phone 541.359.2827
Facsimile 866.503 8206

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CHING HAY and MICHELL HAY, | Civil Action No.: 3:18-cv-1901 |
| Plaintiffs, | |
| vs. | |
| | MAGNUSON-MOSS WARRANTY ACT (15 U.S.C § 2301, *et seq.*); AND STATE CLAIMS. |
| MERCEDES-BENZ USA, LLC, | |
| Defendant | DEMAND FOR JURY TRIAL |

## PLAINTIFFS' ORIGINAL COMPLAINT
## AND JURY DEMAND

CHING HAY and MICHELL HAY (hereinafter "Plaintiffs") file this Plaintiffs' Original Complaint and Jury Trial Demand complaining of MERCEDES-BENZ USA, LLC.  This action is filed for violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301.  Plaintiffs allege as follows:

## PARTIES

1.  At all times material herein, Plaintiffs have resided in Clackamas County.

2. Defendant **MERCEDES-BENZ USA, LLC** ("Mercedes", "Defendant", or "Manufacturer") is a Delaware LLC headquartered in Georgia which conducts business in Oregon and their registered agent is CT Corporation System, 780 Commercial St. SE, Ste. 100, Salem, OR 97301.

## JURISDICTION

3. Jurisdiction of this Court arises under to 15 U.S.C. § 2310(d), 28 U.S.C. §§ 1331, and the doctrine of pendent jurisdiction for the other Oregon claims pursuant to 28 U.S.C. § 1367. Plaintiff seeks relief in excess of $50,000.00.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c), because: (i) Defendant is actively doing business in this State and subject to personal jurisdiction throughout the State; (ii) upon information and belief, Defendant transacts business in the State and in the District because it has contracted with residents of the District through their sales with residents of the District; (iii) upon information and belief Defendant has committed illegal acts in the District by and through its sales and/or have provided defective products to residents of this district, and (iv) a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS

5. In July of 2016, Plaintiffs purchased a 2017 Mercedes-Benz GLS 550, VIN: 4JGDF7DE0HA779903 (the "Vehicle") from Mercedes-Benz of Wilsonville of Wilsonville, Oregon for approximately $98,000.00. The Vehicle is registered in Plaintiffs' names.

6. The Vehicle was purchased as a new vehicle. Since that time the Vehicle has had significant nonconformities during the manufacturer, defendant Mercedes' factory warranty period. Plaintiffs use the Vehicle primarily for personal, family and household purposes.

Since purchase, the Vehicle has encountered an excessive number of defects, including but not limited to blur and distortion from the front camera and bird's-eye camera, faulty tire pressure monitor, steering wheel noise, sunroof squeak, no power to an outlet, and various trim issues. The Vehicle has been repaired at least nine (9) times and has been in the manufacturer's authorized dealer's shop for an excessive number of days (more than one hundred seventeen (117) days).  The Vehicle still has issues including defects with the bird's-eye view camera system.

7. Despite confirmation of the nonconformities and repeated lengthy repair attempts, Defendant has been unable to correct the nonconformities. These nonconformities substantially impair the use, value and or safety of the Vehicle.

8. Despite contacts by Plaintiffs with Mercedes, Defendant has not been able to resolve Plaintiff's issues with the Vehicle.  Despite Plaintiffs informing Mercedes of the nonconformities and the danger associated with them and requesting Mercedes to buy back the vehicle, Mercedes has not made any of the remedies specified in ORS 646A.404 available to Plaintiffs.


**FIRST CAUSE OF ACTION**
**BREACH OF WRITTEN WARRANTY**
**(Pursuant to the Magnuson-Moss Warranty Act)**

9. Paragraphs 1 through 8 above are realleged and hereby incorporated by reference as if fully set forth herein, verbatim.

10. Plaintiffs are consumers, as contemplated by the Magnuson-Moss Warranty Act.

11. Manufacturer is a warrantor and supplier of a consumer product, as contemplated by the Magnuson-Moss Warranty Act.

12. Plaintiffs are entitled by the terms of the written warranty provided to them by Manufacturer through its authorized dealer to enforce the obligations of said warranty.

13. The warranty provided that Manufacturer would repair or replace defective parts, or take other remedial action free of charge to Plaintiffs in the event that the Vehicle failed to meet the specification as set forth in the written warranty.

14. The written warranty was the basis of the bargain with respect to the contract for sale executed and entered into between Plaintiffs and Manufacturer.

15. The purchase of the Vehicle was induced by the written warranty, upon which Plaintiffs relied.

16. Plaintiffs have honored Plaintiffs' obligations under the warranty.

17. Manufacturer breached its obligations under the written warranty by failing to reasonably repair the Vehicle's defects after being afforded a reasonable number of repair attempts or a reasonable opportunity to cure.

18. Plaintiffs notified Manufacturer of its breach within a reasonable time after discovering it by tendering the Vehicle to Manufacturer's authorized dealer for repair as instructed by Manufacturer's written warranty and by providing written notification to Manufacturer.

19. As a direct and proximate result of Manufacturer's failure to comply with its written warranty, Plaintiffs have suffered damages, including, but not limited to, loss of use, diminished value, incurred and/or needed repair costs, aggravation, and incidental and consequential damages. In accordance with 15 U.S.C. §2310(d)(1), Plaintiffs are entitled to bring suit for damages and other relief.

20. Pursuant to the MMWA, 15 U.S.C. § 2310(d)(2), Plaintiffs are entitled to recover as part of the judgment costs and expenses of the suit, including attorney's fees based on actual time

expended.  As a proximate result of the misconduct of Defendant as alleged herein, and in an effort to protect its rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of the undersigned attorneys to prosecute this action.  Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.

21. The amount in controversy of this action exceeds the sum of $50,000, exclusive of interest and costs for these claims.

## SECOND CAUSE OF ACTION FOR VIOLATIONS OF THE BREACH OF IMPLIED WARRANTY
### (Pursuant to the Magnuson-Moss Warranty Act)

22. Paragraphs 1 through 8 above are realleged and hereby incorporated by reference as if fully set forth herein, verbatim.

23. The Vehicle purchased by Plaintiffs is subject to an implied warranty of merchantability as defined in 15 U.S.C. §2301(7).

24. Manufacturer contracts to sell goods. Manufacturer sells vehicles to purchasers, orders component parts, and/or assembles them into final products. They are merchants with respect to the goods of the kind sold to Plaintiffs.

25. The parties' contract for sale as a matter of law implies that the Vehicle is merchantable, because Manufacturer is a merchant with respect to such goods.

26. The implied warranty was breached by Manufacturer because it manufactured a Vehicle of insufficient quality. The Vehicle is not fit for the ordinary purpose for which such goods are used.

27. The Vehicle has failed to meet Plaintiffs' reasonable expectations.

PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND                                           5

28. The Vehicle has not provided dependable transportation, and it has not been trouble-free.

29. The Vehicle would not pass without objection in the trade under the contract description and does not conform to the promises or affirmations of fact made by Manufacturer.

30. As a result of the breach of implied warranty by Manufacturer, Plaintiffs are without the reasonable value of the Vehicle.

31. As a result of the breach of implied warranty by Manufacturer, Plaintiffs have suffered and continue to suffer damages, including those specifically identified in the foregoing paragraphs.

32. Plaintiffs request attorney's fees and show that they are entitled to fees and costs pursuant to the fee-shifting provision of section 2310(d) the Magnuson-Moss Warranty Act.

33. In addition to any other relief and as a result of Defendant's violations this Court should rescind the sale and refund Plaintiffs their purchase prices less any reasonable allowance for use of the vehicle.


### THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE OREGON CONSUMER WARRANTY ACT

34. Paragraphs 1 through 8 above are realleged and hereby incorporated by reference as if fully set forth herein, verbatim.

35. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory or common-law right and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Defendant Mercedes is liable to Plaintiffs for violating the Oregon Consumer Warranty Act under the Oregon Uniform Commercial Code. (ORS 72.8100).

36. The Vehicle meets the definition of a "good" and/or "consumer good" as defined by ORS 72.8010(1).   Plaintiffs are "buyers" or "retail buyers" as defined by ORS 72.8010(2). Defendant Mercedes is a "manufacturer" as defined by ORS 72.8010(3).

37. Defendant Mercedes has failed to provide a good or consumer good (the Vehicle) in compliance with each applicable warranty.  As a result of the violations, this court should require Defendant Mercedes to reimburse Plaintiffs their purchase price less a reasonable charge for beneficial use and damages by Plaintiffs.

38. Oregon's Unlawful Trade Practices Act, ORS 646.608 *et seq.*, prohibits the acts of Defendant, in that they represented that the vehicle and/or workmanship was/were of a particular quality or standard, which it did not have; that the warranty covered the entire vehicle other than wear and tear when it did not; that defects would be repaired at no cost within a reasonable time when they were not; and that the vehicle would be repurchased if it was not repaired within a reasonable time when it was not.

39. The acts of Defendant constitute unconscionable commercial practices and the reckless, wanton, and willful failure of Defendant to comply with its obligations constitutes unfair or deceptive conduct in trade or commerce.

40. Defendant's wanton and willful violations of the Oregon Unlawful Trade Practices Act entitle Plaintiffs to an award of actual damages, incidental costs, reasonable attorney's fees, and any equitable relief the Court deems proper.

41. As a result of the violations, and pursuant to ORS 646A.404, this court should rescind the sale and refund Plaintiffs their purchase price, in the amount of $98,000, less any reasonable allowance for the Plaintiffs' use of the vehicle. In addition, pursuant to ORS 646A.412, Plaintiffs should be awarded an additional $50,000, as Defendant did not act in good faith to

resolve this dispute informally.  Plaintiffs should also be awarded their reasonable attorney's fees under ORS 646A.412.

## FOURTH CAUSE OF ACTION FOR VIOLATIONS OF THE OREGON CONSUMER WARRANTY ACT

42. Paragraphs 1 through 8 above are realleged and hereby incorporated by reference as if fully set forth herein, verbatim.

43. Oregon's Unlawful Trade Practices Act, ORS 646.608 *et seq*., prohibits the acts of Defendant, in that they represented that the vehicle and/or workmanship was/were of a particular quality or standard, which it did not have; that the warranty covered the entire vehicle other than wear and tear when it did not; that defects would be repaired at no cost within a reasonable time when they were not; and that the vehicle would be repurchased if it was not repaired within a reasonable time when it was not.

44. The acts of Defendant constitute unconscionable commercial practices and the reckless, wanton, and willful failure of Defendant to comply with its obligations constitutes unfair or deceptive conduct in trade or commerce.

45. Defendant's wanton and willful violations of the Oregon Unlawful Trade Practices Act entitle Plaintiffs to an award of actual damages, incidental costs, reasonable attorney's fees, and any equitable relief the Court deems proper.

## FIFTH CAUSE OF ACTION FOR VIOLATIONS OF THE OREGON LEMON LAW ACT.

46. Paragraphs 1 through 8 above are realleged and hereby incorporated by reference as if fully set forth herein, verbatim.

PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND                                                      8

47. Defendant Mercedes' acts, directly and through their authorized dealers, of failing to conform the Vehicle to Mercedes' express warranty is a violation of ORS 646A.400 *et seq*. More specifically:

    A. Defendant Mercedes has been unable to conform the Vehicle despite notice and reasonable attempts by its agents; pursuant to ORS 646A.404.

    B. Defendant Mercedes, despite notice from consumer that the Vehicle was a lemon, has not engaged in any alternative dispute resolution or made available any of the remedies outlined in ORS 646A.408.

48. Plaintiffs would not have purchased the Vehicle from Mercedes-Benz of Wilsonville had they known that they would not have a vehicle that conformed to Mercedes' express warranties.  Further, Plaintiffs would not have purchased the vehicle had they known that they would be deprived of their vehicle for more than 117 days and that it would still not be fixed.

49. As a result of the violations, and pursuant to ORS 646A.404, this court should rescind the sale and refund Plaintiffs their purchase price, in the amount of $98,000, less any reasonable allowance for the Plaintiffs' use of the vehicle. In addition, pursuant to ORS 646A.412, Plaintiffs should be awarded an additional $50,000, as Defendant did not act in good faith to resolve this dispute informally and wholly ignored the safety issue.  Plaintiffs should also be awarded their reasonable attorney fees under ORS 646A.412.

//

//

## <u>PRAYER</u>

WHEREFORE, Plaintiffs request that the Defendant be cited to appear and answer in this action and upon final trial of this cause, the Court issue judgment that Plaintiffs have and recover against Defendant as follows:

1) On their first claim for relief against Defendant for rescission of the sale of the Vehicle or in the alternative damages in an amount to be determined by the jury, costs and reasonable attorney fees, prejudgment interest at 9% and their costs and disbursements herein or such other relief as the Court may deem appropriate;

2) On their second claim for relief against Defendant for rescission of the sale of the Vehicle or in the alternative damages in an amount to be determined by the jury, costs and reasonable attorney fees, prejudgment interest at 9% and their costs and disbursements herein or such other relief as the Court may deem appropriate;

3) On their third claim for relief against Defendant for rescission of the sale of the Vehicle or in the alternative damages in an amount to be determined by the jury, costs and reasonable attorney fees, prejudgment interest at 9% and their costs and disbursements herein or such other relief as the Court may deem appropriate;

4) On their fourth claim for relief against Defendant for rescission of the sale of the Vehicle or in the alternative damages in an amount to be determined by the jury, costs and reasonable attorney fees, prejudgment interest at 9% and their costs and disbursements herein or such other relief as the Court may deem appropriate

5) On their fifth claim for relief against Defendant for rescission of the sale of the Vehicle or in the alternative damages in an amount to be determined by the jury, an additional amount not to exceed $50,000 pursuant to 646A.412, costs and reasonable

attorney fees, prejudgment interest at 9% and their costs and disbursements herein or

such other relief as the Court may deem appropriate;

6) For such other relief that the Court deems appropriate.

### **PLAINTIFFS HEREBY MAKE THEIR DEMAND FOR JURY TRIAL**

Respectfully submitted,

By:    /s/ Bonner C. Walsh
Bonner C. Walsh, OSB #131716
WALSH LLC
1561 Long Haul Road
Grangeville, ID 83530
TEL   541.359.2827
FAX  866.503.8206

**ATTORNEY FOR PLAINTIFFS**